UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:17-cr-222-T-27JSS

LENIN LUGO, et al.

_____/

## ORDER

**BEFORE THE COURT** is Defendant Ernesto Marquez Carvajal's Motion to Dismiss or in the Alternative in Support of a Negative Inference, joined in by his co-defendants (Dkt. 88), the United States' opposition (Dkt. 103 ) and Defendant's reply (Dkt. 120). Upon consideration ruling on the motion is DEFERRED pending an evidentiary hearing.

Defendants were interdicted on the high seas by the U.S. States Coast Guard approximately 109 nautical miles north of Columbia, after they were observed jettisoning items into the sea. Defendants are charged with conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (Count One) and possession of five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States (Count Two). After their vessel was boarded, the Coast Guard conducted ION swipes of the vessel and their clothing, which "yielded negative results on all" for trace evidence of cocaine. (United States' opposition, Dkt. 103 at ¶ 2).

The United States explains that upon arrival in Tampa, "it was determined the clothes for all three defendants were dirty, wet, and contaminated" and "photographed and then discarded." (*Id.* at ¶ 3). Defendant contends that the Coast Guard destroyed the clothes in bad faith because of their exculpatory value, and that he is unable to secure comparable evidence by other reasonably available means. Defendant contends that he has thereby been deprived of a meaningful opportunity to present

1

a defense.

To warrant dismissal, Defendant must demonstrate that destruction of the clothes violated due process in that the clothes would have significantly contributed to his defense. *California v. Trombetta*, 467 U.S. 479, 488 (1984). The "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *United States v. Revolorio-Ramo*, 468 F.3d 771, 774 (11th Cir. 2006). He must also show the Government acted in bad faith in destroying the evidence. *Id.*

An evidentiary hearing is necessary to resolve Defendant's contentions. For example, the United States argues:

> Mariners engaged in maritime cocaine smuggling on go-fast vessels routinely come into contact with gasoline, as it is the fuel used in go-fast vessel engines. In addition, gasoline and sea water are routinely used by mariners smuggling cocaine to disguise or eliminate trace evidence of cocaine on their skin or clothing. Destruction of wet, contaminated clothing that would only further degrade, creating a potential health hazard, does not constitute the intentional destruction of exculpatory evidence. The fact that the defendant's clothing was contaminated with gasoline would be equally consistent with illegally smuggling cocaine and/or fuel.

But these factual contentions are not supported by affidavit or testimony.

*United States v. Hernandez*, 864 F.3d 1292 (11th Cir. 2017), on which the United States relies, is factually distinguishable. There, 290 kilos of cocaine were seized after being jettisoned from the vessel. Defendant claimed that his clothing, which had been discarded by the Coast Guard, would have demonstrated that he was fishing. The Eleventh Circuit concluded that the clothing was not sufficiently exculpatory to outweigh the inculpatory evidence (the cocaine). Here, however, no cocaine was seized.

The defense is ostensibly that Defendants were smuggling gasoline, not cocaine, and that their clothing would have been saturated with gasoline because the barrels which were jettisoned

2

from their vessel were filled with gasoline. And without the clothing, Defendant contends he will not be able to "prove that it is gasoline and not the absence of cocaine that is pivotal to the defense." And he asserts that the clothing had been well preserved through four transfers between Coast Guard vessels until it was discarded on order of the case agent, who knew of the negative ION scan and the video showing the Defendants throwing barrels into the sea. He therefore reasons that the experienced agent who ordered the clothes discarded, "should reasonably have understood the value of the clothes and preserved them."

The discarded evidence must raise a "probability sufficient to undermine confidence in the outcome," or that "might be expected to play a significant role in the suspect's defense. *Id.* at 1306. That determination cannot be made without evidence. A hearing will accordingly be scheduled before trial.

**DONE AND ORDERED** this 11th day of December, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copy to: Counsel of record